```
              DISTRICT COURT OF THE VIRGIN ISLANDS
              DIVISION OF ST. THOMAS AND ST. JOHN

BALBO CORP. d/b/a BALBO CONSTRUCTION   )
CORP.,                                 )
                                       )
            Plaintiff,                 )
                                       )   Civil No. 2014-19
            v.                         )
                                       )
INDEPENDENCE BANK,                     )
                                       )
            Defendant.                 )
                                       )
```

ATTORNEYS:

**Stylish Willis, Esq.**
Law Offices of Stylish Willis
St. Thomas, VI
    *For the plaintiff,*

**Shari N. D'Andrade, Esq.**
**Christopher Allen Kroblin, Esq.**
Kellerhals Ferguson Fletcher Kroblin LLP
St. Thomas, VI
    *For the defendant.*

### ORDER

**GÓMEZ, J.**

Before the Court is the motion of defendant Independence Bank ("Independence") to dismiss the complaint in this matter or, in the alternative, for an order staying this action.

### I.    FACTS AND PROCEDURAL HISTORY

Balbo Corporation d/b/a Balbo Construction Corporation ("Balbo") and Independence were parties to a construction contract. The construction took place on real property located in St. Thomas, United States Virgin Islands. Several disputes

arose between the parties as to whether each party had fulfilled its contractual obligations. During the course of the dispute, Balbo obtained and filed notice of a construction lien on the property that was the subject of the construction contract.

On January 10, 2014, Independence filed suit against Balbo in the United States District Court for the District of Rhode Island (the "Rhode Island Action"). Independence's complaint in the Rhode Island Action alleges, inter alia, breach of contract, negligence, and breach of duty of good faith and fair dealing against Balbo.

Balbo filed an action for debt, unjust enrichment, enforcement of their construction lien, and foreclosure in the Superior Court of the Virgin Islands ("Superior Court")(the "Superior Court Action") on January 17, 2013. In the Superior Court, Balbo filed proof of service of the complaint on Shorn Joseph, Esq. ("Joseph"). Service in the Superior Court Action was made on Joseph on January 21, 2014.

Independence served Balbo in the Rhode Island Action on January 22, 2014.

Sometime thereafter, Independence filed suit in the Superior Court to release the construction lien (the "Construction Lien Action"). Independence filed an emergency motion to release the lien. The Superior Court denied the motion. Thereafter, the parties agreed to jointly move for

release of the construction lien. The Superior Court granted the joint motion. It is unclear from the record if the Construction Lien Action remains pending.

Independence removed the Superior Court Action to the District Court on February 14, 2014 (the "D.V.I. Action"). Thereafter, on February 22, 2014, Independence filed a motion to dismiss for insufficient service. Independence stated that Joseph was not an individual authorized to receive service for Independence and, in fact, had ceased his employment with Independence in August of 2013. While the motion to dismiss for insufficient process was pending, Balbo served Walter Braillard ("Braillard"), the Chief Financial Officer of Independence, with the summons and complaint in the D.V.I Action. Braillard was served on March 11, 2014.

On March 18, 2014, Independence filed the instant motion to dismiss or, in the alternative, motion to stay the D.V.I. Action. In its motion, Independence argues that the D.V.I. Action is duplicative of the Rhode Island Action. Balbo opposes the motion.

## II. DISCUSSION

The first-filed rule encourages sound judicial administration and promotes comity among federal courts of equal rank. *E.E.O.C. v. Univ. of Pa.*, 850 F2d 969, 971 (3d Cir. 1988) *aff'd*, 493 U.S. 182 (1990). It gives a court the ability to

enjoin the subsequent prosecution of proceedings involving the same parties and the same issues already before another district court. *See Triangle Conduit & Cable Co. v. National Elec. Products Corp.*, 125 F.2d 1008, 1009 (3d Cir.), *cert. denied*, 316 U.S. 676 (1942).

That said, that authority is not a mandate directing wooden application of the rule without regard to rare or extraordinary circumstances, inequitable conduct, bad faith, or forum shopping. *Univ. of Pa.*, 850 F.2d at 972. District courts have always had discretion to retain jurisdiction given appropriate circumstances justifying departure from the first-filed rule. *See Crosley Corp. v. Westinghouse Elec. & Mfg. Co.*, 130 F.2d 474, 475-76 (3d Cir.), *cert. denied*, 317 U.S. 681, (1942); *cf. Colorado River Water Conserv. Dist. v. United States*, 424 U.S. 800, 817 (1976) (no precise rule governs relations between federal district courts possessing jurisdiction, but general principle is to avoid duplicative litigation).

### III. ANALYSIS

"The threshold requirement for a district court to even entertain abstention is a contemporaneous parallel judicial proceeding. For judicial proceedings to be parallel, there must be identities of parties, claims, and time." *SKIF Corp. v. Gov't of Virgin Islands*, Civ. No. 2007-152, 2010 WL 1490346 (D.V.I. Apr. 13, 2010).

The Rhode Island Action and the D.V.I. Action both involve claims arising from the alleged breach of the same agreement. Independence contends that Balbo failed to perform. Balbo contends that Independence improperly refused payment. Clearly, the conflict between Balbo and Independence raises the same contract issues. With regard to parties and time, the actions are identical. Based on those considerations, the Rhode Island Action and the D.V.I. Action are parallel proceedings.[1] "To be sure, this is the type of situation that prompted the first-filed rule. It is of obvious importance to all the litigants to have a single determination of their controversy, rather than several decisions which if they conflict may require separate appeals to different circuit courts of appeals." *Univ. of Pa.*, 850 F.2d at 974 (stating that a suit in one district court regarding the legitimacy of an administrative rulemaking and one in another district court over the defendant's failure to follow the rule implicated the first-filing rule).

> Where two actions involving overlapping issues and parties are pending in two federal courts, there is a strong presumption across the federal circuits that favors the forum of the first-filed suit under the first-filed rule. *See, e.g.*, *United States Fire Ins. Co. v. Goodyear Tire & Rubber Co.*, 920 F.2d 487, 488 (8th Cir.1990) (descrIndependenceing the first-filed rule as "well-established"); *Church of*

---

[1] Moreover, neither party disputes that the Rhode Island Action and the D.V.I. Action are parallel actions.

> *Scientology of Cal. v. United States Dep't of Defense*, 611 F.2d 738, 750 (9th Cir.1979) (noting that the first-filed rule "should not be disregarded lightly").

*Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 (11th Cir. 2005)

Of course, "[the first-filed rule] is not a mandate directing wooden application of the rule without regard to rare or extraordinary circumstances, inequitable conduct, bad faith, or forum shopping." *Univ. of Pa.*, 850 F.2d at 972. Absent a condition that triggers an exception to the first-filed rule, the rule counsels the district courts "to enjoin the subsequent prosecution of proceedings involving the same parties and the same issues already before another district court." *Id.* Balbo argues that such a condition exists, because Independence has acted in bad faith and is, in effect, forum shopping.

In support of its argument that Independence improperly engaged in forum shopping and acted in bad faith, Balbo alleges: (1) that Independence "knew that [Balbo] had less than twenty (20) days to file suit in order for [Balbo] to enforce its construction lien"; (2) that Independence filed the Construction Lien Action; (3) that Independence acted in bad faith when negotiating with Balbo to release the lien, and did so in order to facilitate Independence's removal of the Superior Court Action to this Court to forum shop; and (4) that there are motions to dismiss and to transfer venue pending in the Rhode

Island Action that Independence did not apprise this Court of, again in bad faith. The Court shall consider each in turn.

Balbo's first contention is that Independence knew Balbo had less than twenty days in which to file a claim to enforce its construction lien in the Virgin Islands, and that Independence's decision to file in Rhode Island at that time thus constitutes bad faith. Balbo neither points to anything on the record which indicates that Independence had knowledge of that fact, nor to anything which suggests that it was a factor in Independence's choice to file in Rhode Island. The Court is unaware of any case which has held that a bare allegation that something might have been done for untoward purposes, with no supporting evidence, constitutes bad faith.

Balbo's second contention, that Independence initiated the Construction Lien Action in bad faith, is similarly without merit. The construction lien was levied against property that is in the United States Virgin Islands. It is not unusual that a court within the Virgin Islands would be the forum within which to address such a lien. Balbo argues that by filing two separate law suits, the Construction Lien Action and the Rhode Island Action, Independence was attempting to circumvent Balbo's right to foreclose on the construction lien. Again, in support of that contention, Balbo points to nothing on the record. With

nothing but the allegation, and no evidence or inferences supporting it, this contention alone cannot show bad faith.

Balbo's third argument is that Independence acted in bad faith when the parties negotiated the release of the construction lien. While the Construction Lien Action was pending in Superior Court, the parties negotiated and executed a joint motion to release the lien. In exchange for the release of the lien, Independence agreed to post a security in the amount of one and one-half times Balbo's claims in the Superior Court Action. Following the release of the lien, Independence removed the Superior Court Action to this Court. Balbo argues that this was done specifically to make this case subject to the first-to-file rule, because "[Independence] knew the first to file rule was not applicable between the District Court and the Superior Court." Though this theory is perhaps plausible, nothing other than Balbo's bare allegations supports such a conclusion.

In response, Independence indicates that its motive in getting the construction lien released was the threat of litigation against Independence by a third party. Although the contract dispute regarding the construction contract performance and Independence's failure to pay is between Independence and Balbo, the property on which the construction occurred belonged to a third party. The third party's property was subject to

Balbo's construction lien. Independence states that the third party, unhappy that there was a construction lien on its property, threatened suit against Independence if the lien was not released. Although there is also nothing on the record to bear this out, it is equally as plausible as the theory put forth by Balbo. As Balbo has the burden to show bad faith, Balbo's allegation is insufficient. *See Manuel*, 430 F.3d at 1135.

Balbo's fourth argument is that Independence "deliberately left out the fact that" Balbo had filed a motion to dismiss for lack of personal jurisdiction and a motion pursuant to the doctrine of *forum non conveniens* in the Rhode Island Action. Even if that was a deliberate decision of Independence, the Court cannot conceive of how failing to apprise the Court of motions and issues that this Court cannot consider is within the bounds of "bad faith." Knowledge of those motions is irrelevant for purposes of considering the first-filed rule, except to the extent it allows the Court to gauge the progress of the action. However, the Court has access to the docket of the District of Rhode Island, and any such failure to include information on each and every pending motion in that Court is thus easily remedied.[2]

---

[2] Balbo also argues that it will be specially inconvenienced by being required to defend itself in Rhode Island. Be that as it may, this Court cannot and

The Court does note that there is a pending motion to dismiss the Rhode Island Action for lack of personal jurisdiction, and that venue issues have been raised. Considering the potential that the District of Rhode Island might, as a result, dismiss the Rhode Island Action, the Court finds it would not promote economy or efficiency to dismiss this matter and force the parties to refile and pay new filing fees.

The premises considered, it is hereby

**ORDERED** that Independence's motion to dismiss or, in the alternative, to stay this matter is **GRANTED**; it is further

**ORDERED** that this matter is **STAYED**; it is further

**ORDERED** that the Clerk of the Court shall designate this action as a suspense matter; and it is further

**ORDERED** that this matter shall be removed from the active trial docket; and it is further

**ORDERED** that this matter shall be included in the Civil Suspense Docket; and it is further

**ORDERED** that the parties shall advise the Court when the matter before the United States District Court for the District of Rhode Island is concluded; it is further

---

will not consider Balbo's motions which are pending before another court. Only the District of Rhode Island may dispose of Balbo's motion for an order of *forum non conveniens*. This Court declines to intrude on any matter within the province of its estimable sister court.

**ORDERED** that every three months, beginning on the date of this Order, the parties shall apprise the Court of the status of the Rhode Island Action; it is further

**ORDERED** that the case be restored to the trial docket when the action is in a status so that it may proceed to final disposition; and it is further

**ORDERED** that this order shall not prejudice the rights of the parties to this litigation.

    S_____
    **CURTIS V. GÓMEZ**
    **District Judge**