```
                DISTRICT COURT OF THE VIRGIN ISLANDS
                DIVISION OF ST. THOMAS AND ST. JOHN
```

BALBO CORP. d/b/a BALBO CONSTRUCTION    )
CORP.,                                  )
                                        )
        Plaintiff,                      )
                                        )   Civil No. 2014-19
        v.                              )
                                        )
INDEPENDENCE BANK,                      )
                                        )
        Defendant.                      )
                                        )

**ATTORNEYS:**

**Stylish Willis, Esq.**
Law Offices of Stylish Willis
St. Thomas, VI
    *For the plaintiff,*

**Shari N. D'Andrade, Esq.**
**Christopher Allen Kroblin, Esq.**
Kellerhals Ferguson Fletcher Kroblin LLP
St. Thomas, VI
    *For the defendant.*

## ORDER

**GÓMEZ, J.**

Before the Court is the motion of defendant Independence Bank ("Independence") to dismiss the complaint in this matter for insufficient service.

### I. FACTS AND PROCEDURAL HISTORY

Balbo Corporation d/b/a Balbo Construction Corporation ("Balbo") filed this action for debt, unjust enrichment, and foreclosure in the Superior Court of the Virgin Islands ("Superior Court") on January 17, 2013. In the Superior Court,

Balbo filed proof of service of the complaint on Shorn Joseph, Esq. ("Joseph"). Service was made on Joseph on January 21, 2014.

Independence removed this matter to the District Court on February 14, 2014. Thereafter, on February 22, 2014, Independence filed the instant motion to dismiss for insufficient service. Independence stated that Joseph was not an individual authorized to receive service for Independence and, in fact, had ceased his employment with Independence in August of 2013. Balbo opposes the motion.

While the instant motion was pending, Balbo served Walter Braillard ("Braillard"), the Chief Financial Officer of Independence, with the summons and complaint in this matter. Braillard was served on March 11, 2014.

## II. DISCUSSION

Chapter 28, Section 1448 of the United States Code in pertinent part provides:

> In all cases removed from any State court to any district court of the United States in which any one or more of the defendants has not been served with process or in which the service has not been perfected prior to removal, or in which process served proves to be defective, such process or service may be completed or new process issued in the same manner as in cases originally filed in such district court.

28 U.S.C. § 1448.

Federal Rule of Civil Procedure 4, which governs service when a case is removed to federal court, states: "If a defendant is not served within 120 days after the complaint is filed, the court — on motion or on its own after notice to the plaintiff— must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m).

### III. <u>ANALYSIS</u>

Ordinarily, a litigant in federal court has 120 days from the date of filing the complaint in which to serve defendants. Fed. R. Civ. P. 4(m). When a case is removed to a district court, the plaintiff has 120 days from the date of removal to perfect service under the Federal Rules of Civil Procedure. *Wallace v. Microsoft Corp.*, 596 F.3d 703, 706 (10th Cir. 2010)(stating that once defendant removed the case to federal court, 28 U.S.C. § 1448 and Fed. R. Civ. P. 4 gave the plaintiff an additional 120 days in which to perfect service). Federal Rule of Civil Procedure 4(h) governs service of process on a corporation, partnership, or association. It states:

> Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served: (1) in

> a judicial district of the United States: (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and--if the agent is one authorized by statute and the statute so requires--by also mailing a copy of each to the defendant.

Fed. R. Civ. P. 4(h). Federal Rule of Civil Procedure 4(e) in pertinent part provides:

> [A]n individual . . . may be served in a judicial district of the United States by:
>
> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following: (A) delivering a copy of the summons and of the complaint to the individual personally;(B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e).

This matter was removed to the District Court on February 14, 2014. If Balbo had not perfected service of process in the Superior Court, he had until July 15, 2014, to properly serve Independence. See *Wallace*, 596 F.3d at 706. On March 11, 2014, well-within the 120 day timeframe, Balbo served Baillard. Service was made on Baillard personally.

"A corporation may be served through an officer or agent explicitly or implicitly authorized to accept service of process." *In re Grand Jury Subpoenas Issued to Thirteen Corporations*, 775 F.2d 43, 46 (2d Cir. 1985). A person with substantial involvement in the financial affairs of a corporation is an "officer" of the corporation, for purposes of service. *See id.* ("Roe's involvement in the financial affairs of the corporations was sufficient to make him an agent on whom subpoenas could be served.") It is not disputed that Baillard is the Chief Financial Officer of Independence. It is also not disputed that, for service purposes, Baillard was an officer of Independence. As such, Independence was properly served with the summons and complaint in this matter.

The premises considered, it is hereby

**ORDERED** that Independence's motion to dismiss for insufficient service is **DENIED**.

S\_____
**CURTIS V. GÓMEZ**
**District Judge**